WILLIAM T. STENSON, JR., Respondent, *v.* JOSEPH KOCH,
Appellant.

FALSE IMPRISONMENT — CONSTITUTIONALITY OF CH. 601, L. 1895.
Chapter 601, Laws of 1895, abolishing the office of police justice in the
city and county of New York and abridging the terms of office of its sev-
eral incumbents, is constitutional. Its alleged unconstitutionality, there-
fore, furnishes no defense to an action of false imprisonment under a war-
rant issued by one assuming to perform the duties of such office after
its abolition, and after his right to perform them had ceased.
*Stenson* v. *Koch*, 5 App. Div. 621, affirmed.

(Argued January 19, 1897; decided March 2, 1897.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the first judicial department, entered May
22, 1896, which affirmed a final judgment in favor of plaintiff
entered upon a decision of the court on trial at Special Term
sustaining a demurrer to the answer.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*George Hoadly, A. J. Dittenhoefer* and *Matthew Hale* for
appellant. Chapter 601 of the Laws of 1895 is unconstitu-
tional as it contravenes the provisions of section 22 of article
6 of the Constitution, and prevents police justices in the city
of New York, in office when the Constitution took effect,
from holding their office "until the expiration of their
terms." (*People ex rel.* v. *Whitlock*, 92 N. Y. 191; Const.
of N. Y. art. 10, § 3; *People ex rel.* v. *Bull*, 46 N. Y. 63;
*People ex rel.* v. *Draper*, 15 N. Y. 544; *Wenzler* v. *People*,
58 N. Y. 516; *People* v. *Morgan*, 58 N. Y. 679; *Cass* v.
*Dillon*, 3 Ohio St. 609; *People* v. *Wemple*, 125 N. Y. 489.)
We do not dispute the authority of the Legislature to create
new courts and judges and to define their duties. The act
does not profess to create new courts, but to transfer the
duties of the old courts from their incumbents to tribunals,
new in name only, and changed very little even in that.

(*People ex rel.* v. *Albertson*, 55 N. Y. 50; 117 Mass. 603; *State* v. *Leonard*, 86 Tenn. 485; *State* v. *Brunst*, 26 Wis. 412; *Schalk* v. *Wrightson*, 32 Atl. Rep. 820.)

*Daniel Clark Briggs* for respondent.

VANN, J. This is an action of false imprisonment brought against the defendant upon the theory, as stated in the complaint, that on the 22d of October, 1895, the defendant assuming to act as a police justice in the city of New York, but without authority or jurisdiction in fact, issued a warrant for the arrest of the plaintiff by virtue of which he was arrested and detained, contrary to the laws of the state and against his will; that the defendant had no jurisdiction to issue such warrant or to cause the arrest and detention of the defendant, and that he was not a police justice of said city at the time.

The defendant, by his answer, admits that he issued the warrant in question, and that the plaintiff was arrested and detained thereunder, but denies that he did so without right, authority or jurisdiction, as well as that he was not a police justice in said city at the time.

For a second answer and defense the defendant, after reiterating the admissions and denials aforesaid, alleged that on the 4th of January, 1893, he was duly appointed a police justice of the city and county of New York by the mayor of said city for the term of ten years from that date; that he qualified and entered upon the discharge of his duties; that on the 10th of May, 1895, the legislature of the state of New York assumed to pass an act entitled "An act in relation to the inferior courts of criminal jurisdiction in the city and county of New York," to which he referred as a part of the answer, but that, notwithstanding the passage of such act, his office and term of office was protected by the Constitution of the state, and that he was, and still is, a police justice *de jure;* that said warrant was issued by him as such officer upon a complaint and oath in due form, and after full compliance with all the provisions of law to justify such official action; that it

was executed in the usual way, and that all the acts of defendant in issuing the same, and causing the arrest and detention of the plaintiff were done upon full and lawful authority, and in the due discharge of his duty as police justice of said city and county.

The plaintiff demurred to the second defense contained in the answer of the defendant, on the ground that it was insufficient in law upon the face thereof.

The issues of law thus raised by the demurrer having been heard at Special Term, and the plaintiff's damages having been stipulated at the sum of $600, in case the demurrer should be sustained, a decision was filed, and judgment entered sustaining the demurrer, and awarding judgment for the amount of such damages, besides costs.   Said judgment having been affirmed by the Appellate Division, the defendant appealed to this court   We have already held that the act of May 10th, 1895, in relation to the inferior courts of criminal jurisdiction in the city and county of New York, is constitutional; that the effect thereof was to abolish the office of police justice in said city, and that the terms of the incumbents did not outlive the office itself.  (*Koch* v. *Mayor, etc.,* 152 N. Y. 72.)

The principle announced in that case is decisive of this, and without further discussion we affirm the judgment appealed from, with costs.

All concur.

Judgment affirmed.   _____